UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA OHL-MARSTERS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:09CV186 RWS |
| | ) |
| ROBERT JOHNSTON | ) |
| | ) |
| and | ) |
| | ) |
| THE CATHOLIC ARCHDIOCESE | ) |
| OF ST. LOUIS, | ) |
| | ) |
| Defendants, | ) |
| | ) |
| —————————————————— | ) |
| | ) |
| OELBAUM, BROWN and ALSOP, LLC, | ) |
| | ) |
| Movant. | ) |

## MEMORANDUM AND ORDER

On June 5, 2009, the law firm of Oelbaum, Brown and Alsop, LLC (Movant) received a subpeona from the attorney for Defendant Robert Johnston. The subpeona sought the file pertaining to the Estate of Alvin Louis Campbell (the Estate), a former priest and friend of Johnston. Campbell died on December 2, 2002. Johnston was the original personal representative of the Estate until February 5, 2003. At that time Stuart Oelbaum, a partner in Movant's firm, was appointed as the personal representative of the Estate and served in that capacity until his death on October 20, 2007.

In response to the subpeona, Movant filed a motion to quash the subpeona or in the alternative, seeking an *in camera* review of the documents. Movant asserts that the documents

are protected from discovery under the attorney-client privilege and under the work product doctrine.

The attorney-client privilege protects from disclose the confidential communications between an attorney and his client. The work product rule protects from disclosure to an "opposing party" information or materials assembled by or for a person in anticipation of litigation or for trial. See Diversified Industries, Inc. v. Meredith, 572 F.2d 596, 601 (8th Cir. 1977). Because the attorney-client communications are absolutely privileged from disclosure, "the adverse effect of its application on the disclosure of truth may be such that the privilege is strictly construed." Id. at 602.

Unlike the attorney-client privilege, information protected by the work product rule may be subject to court ordered disclosure where a party shows a substantial need for the materials and cannot, without undue hardship, obtain the substantial equivalent by other means. Id. at 603; Fed. R. Civ. P. 26(B)(3).

The Federal Rules of Civil Procedure place the burden on the party asserting a privilege to prove its applicability. Fed. R. Civ. P. 26(b)(5). To meet this burden a party must provide sufficient information to allow a challenging party to address the claim of privilege. Id.; Rabushka ex rel. U.S. v. Crane Co., 122 F.3d 559, 565 (8th Cir. 1997)([asserting party] "met its burden of providing a factual basis for asserting the privileges when it produced a detailed privilege log stating the basis of the claimed privilege for each document in question, together with an accompanying explanatory affidavit of its general counsel.").

In the present matter, Movant has submitted several ledgers and several hundred documents to the Court for an *in camera* inspection. Movant has not provided the Court with a privilege log or otherwise identified which documents are claimed to fall into the category of

attorney-client privilege versus work product.

The documents under review consist of bank statements, ledgers, photograph negatives, and notes to the file which were apparently made by Oelbaum. Movant asserts that the attorney-client privilege protects these documents from disclosure. Movant relies on the case of McCaffrey v. Brennan's Estate, 533 S.W.2d 264 (Mo. Ct. App. 1976) for the proposition that the attorney-client privilege may be asserted by an attorney representing an estate. The attorney-client privilege however only extends to communications between the client and the attorney. In McCaffrey the asserted privilege sought to keep confidential the communications between the decedent and counsel made during the drafting of a will. McCaffrey does not stand for the proposition that any communications an attorney has with anyone while acting in the capacity of a personal representative of an estate are protected by the attorney-client privilege doctrine.

In the present case it appears that the personal representative of the Estate, Oelbaum, never had communications with Campbell. Oelbaum became the personal representative of the Estate several months after Campbell died. Movant does not present any evidence or argument that Oelbaum and Campbell ever had communications before Campbell's death. Based on the information before the Court, I conclude that none of the documents submitted for *in camera* review qualify as attorney-client communications.

Similarly the work product rule does not apply to these documents. That rule protects from disclosure to an "opposing party" information or materials assembled by or for a person in anticipation of litigation or for trial. See Diversified, 572 F.2d at 601. The Estate is not a party to the present lawsuit. As a result, the documents are not sought from an "opposing party" as contemplated by the rule. In addition, there is no argument or evidence that these documents, negatives, and notes were compiled in anticipation of the present litigation.

Even if these materials were covered by the work product rule they would be subject to disclosure under Rule 26(b)(3). Defendant Johnston is in substantial need of these materials as they may be helpful in preparing his defense to Plaintiff's claims (and to the claims of three other plaintiffs in three separately filed but closely related cases pending in this District).[1] The ability to obtain the information found in these documents would place an undue hardship on Johnston because he cannot obtain this information, or its substantial equivalent by other means. The materials are unlikely to be found elsewhere and both Campbell and Oelbaum have passed away.

As a result, I find that these materials are discoverable by Johnston and should be provided to him by Movant. Finally, Movant seeks its attorney fees and expenses incurred in responding to the subpeona. Movant offers no authority for such an award and I decline to grant such an award.

Accordingly,

**IT IS HEREBY ORDERED that** Movant's Motion to Quash [#53] is **DENIED**.

**IT IS FURTHER ORDERED that** Movant shall retrieve the documents submitted for *in camera* review from the Clerk of Court and make them available to Defendant Johnston no later than **October 16, 2009**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2009.

---

[1] Perry v. Johnston, 4:09CV105 CEJ; Goebel v. Johnston, 4:09CV106 CEJ; and McCormick v. Johnston, 4:09CV140 CEJ.