UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

ANGELA OHL-MARSTERS, )
)
    Plaintiff, )
)
vs. ) No. 4:09-CV-186 (CEJ)
)
ROBERT JOHNSTON, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This matter comes before the Court on the motion of defendant Archdiocese of St. Louis to certify issues for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). Plaintiff has not responded to the motion and his time for doing so has expired.

**I.    Background**

In the complaint, plaintiff alleges that defendant Rev. Robert Johnston sexually abused him while Rev. Johnston was employed by the Archdiocese. Plaintiff's asserts four claims against the Archdiocese: (1) Count IV - Negligent Hiring; (2) Count V - Negligent Retention and Supervision; (3) Count VI - Negligent Entrustment/Breach of Fiduciary Duty; and (4) Count VII - Intentional Failure to Supervise. The Archdiocese answered Count VII, but filed a motion to dismiss plaintiff's negligence based claims pursuant to the Missouri Supreme Court's decision in Gibson v. Brewer, 952 S.W.2d 239 (Mo. banc 1997), which held that the prosecution of such claims against a religious entity violated the First Amendment.

On October 26, 2009, the Court denied defendant's motion to dismiss with respect to Counts IV and V.[1] The Court held that, even though it was sitting in diversity, it was not bound by the Missouri Supreme Court's decision in Gibson as it related to the interpretation of the First Amendment. The Court performed its own

---

[1] The Court granted the motion to dismiss with respect to Count VI.

constitutional inquiry and found that the claims of negligent hiring and negligent supervision against the Archdiocese did not violate the First Amendment. Noting that the Gibson court relied solely upon the First Amendment and not upon any interpretation of any state law (which this Court would have been bound to follow), the Court denied the motion to dismiss. Subsequently, the Archdiocese filed a motion for reconsideration, contending that the Court's October 26, 2009 order violated the Erie doctrine. See Erie R.R. v. Tompkins, 304 U.S. 64 (1938). The Court denied the motion for reconsideration on November 19, 2009.

On December 11, 2009, the Archdiocese filed the instant motion, asking the Court to certify two issues for appeal. The first legal issue presented for certification is whether the Court, when sitting in diversity, is bound by a Missouri Supreme Court decision finding that negligent hiring and negligent supervision claims against a religious entity are barred because they violate the First Amendment. The second legal issue presented for certification assumes that the Court was not bound by the Missouri court's interpretation of the First Amendment, and asks whether the Court's own First Amendment analysis was misguided.[2]

II. **Legal Standard**

28 U.S.C. § 1292(b) provides a mechanism through which a party can pursue an interlocutory appeal:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation, he shall so state in writing in such order.

---

[2]The Archdiocese refers to the first issue as the "Erie Doctrine issue" and the second issue as the "First Amendment issue". For the sake of simplicity, the Court will refer to the separate issues by these terms.

28 U.S.C. § 1292(b).

It has "long been the policy of the courts to discourage piece-meal appeals". White v. Nix, 43 F.3d 374, 376 (8th Cir. 1994). Motions to certify issues for interlocutory appeal should be "granted sparingly and with discrimination". Id. Therefore, § 1292(b) should be used only in "exceptional cases where a decision on appeal may avoid protracted and expensive litigation". Id.

The party seeking interlocutory appeal has the heavy burden of demonstrating that the case is "an exceptional one in which immediate appeal is warranted." Id. The party must show that: (1) the order involves a controlling question of law; (2) there is a substantial ground for difference of opinion; and (3) certification will materially advance the ultimate termination of the litigation. See Paschall v. Kansas City Star, Co., 605 F.2d 403, 406 (8th Cir. 1979).

III. Discussion

The first requirement to certify an order for interlocutory appeal under § 1292(b) is that the order involve a controlling question of law. The Court has no doubt that the issues presented for certification by the Archdiocese involve controlling questions of law. If the Archdiocese is correct in its argument on either the Erie doctrine issue or the First Amendment issue, then plaintiff's claims in Counts IV and V would be dismissed. Thus, the issues raised by the Archdiocese directly affect the outcome of two of plaintiff's claims. Clearly, these issues present controlling questions of law.

Second, the Archdiocese must show the existence of a substantial ground for difference of opinion on the issues. The Court first turns to whether there is a substantial ground for a difference of opinion on the Erie doctrine issue.

In its order denying defendant's motion to dismiss, the Court found that it was not bound by the Gibson court's First Amendment analysis, even though the Court was sitting in diversity and would ordinarily be bound by the decisions of the Missouri Supreme Court. Two additional cases from this district are consistent with this decision. See Doe CS v. Capuchin Franciscan Friars, 520 F.Supp.2d 1124, 1135 (E.D. Mo. 2007); Doe SD v. Salvation Army, 2007 WL 2757119 (E.D. Mo. 2007). In each of these cases, the court refused to dismiss negligence claims against a religious entity based solely on Gibson, and instead performed its own First Amendment analysis to determine whether such claims should be dismissed.

In a third case from this district, the court did not perform its own First Amendment analysis and dismissed the plaintiff's negligence claims based solely on Gibson. See Doe HL v. James, 4:05-CV-2032-CAS (E.D. Mo. 2006). In dismissing the claims, the court did not discuss the issue of whether it was obligated to perform its own First Amendment analysis, but appears to rely solely on Gibson as a basis for dismissal. Id. Thus, there is some inconsistency with how this issue has been treated in this district. This split extends to the Western District of Missouri, where the court, in John Doe 70 v. Roman Catholic Diocese of Jefferson City, No. 03-04031-CV-C-SOW (W.D. Mo. 2004), explored the issue in detail and found that it was bound by the Missouri Supreme Court's ruling in Gibson because the negligence based claims were "state tort claims, which happen to implicate First Amendment issues, rather than pure federal claims." Based in part on these conflicting decisions, the Court finds that the Archdiocese has sufficiently shown the existence of a substantial ground for disagreement on this issue. See White v. Nix, 43 F.3d 374, 378 (8th Cir. 1994)(finding that the identification of a sufficient number of conflicting and contradictory opinions provides a substantial ground for disagreement).

The Court also finds that a substantial ground for disagreement exists on the First Amendment issue as well. Several federal and state courts, consistent with Gibson, have found that negligence based claims against a religious organization, arising out allegations of clergy abuse, are barred by the First Amendment. See, e.g., Dausch v. Rykse, 52 F.3d 1425 (7th Cir. 1994); Schmidt v. Bishop, 779 F.Supp. 321 (S.D.N.Y. 1991); Pritzlaff v. Archdiocese of Milwaukee, 533 N.W.2d 780 (Wis. 1995); Roppolo v. Moore, 644 So.2d 206 (La. Ct. App. 1994). Numerous other courts, both state and federal, have found, consistently with this Court's opinion, that the First Amendment is not violated by such claims. See, e.g., Martinelli v. Bridgeport Roman Catholic Diocesan Corp., 196 F.3d 409 (2d. Cir. 1999); Doe CS, 520 F.Supp.2d at 1135 (E.D. Mo); Doe SD, 2007 WL 2757119 (E.D. Mo); Smith v. O'Connell, 986 F.Supp.73 (D.R.I. 1997); Moses v. Diocese of Colorado, 863 P.2d 310 (Colo. 1993); Byrd v. Faber, 565 N.E.2d 584 (Ohio 1991). Thus, courts are widely conflicted on the resolution of the First Amendment issue. Clearly, there is a substantial ground for disagreement on whether bringing these negligence based claims against a religious organization violates the First Amendment.

The final requirement for certification is a showing that immediate appeal from the orders could materially advance the ultimate termination of this litigation. "In reaching this determination, the district court is well-advised to review the procedural and substantive status of the case with respect to the progress or completion of discovery, the disposition of pretrial motions, the extent of the parties' preparation for trial, and the nature and scope of the requested relief." E.E.O.C. v. Allstate Ins. Co., 2007 WL 38675 at *5 (E.D. Mo. 2007).

Although resolution of the Erie doctrine issue or the First Amendment issue would not dispose of all of the claims in this lawsuit, the resolution of the issues could

dramatically reduce the scope of plaintiff's legal claims against the Archdiocese. If the Archdiocese were successful on these issues upon interlocutory appeal, plaintiff's claims against the Archdiocese in this litigation would be limited to its claim of intentional failure to supervise. All of plaintiff's negligence based claims would be dismissed. Not only would the narrowed scope of the lawsuit aid in settlement negotiations, but it would also greatly reduce the cost of trial for all parties.

It is also relevant that this case is one of four nearly-identical cases pending before this Court. These cases are not consolidated and are set for trial separately, with the last case currently set for trial in July 2011. The Erie doctrine and First Amendment issues are present, and equally dispositive, in each of these cases. In the event that these issues were decided incorrectly by this Court, immediate appellate review would shield the parties from bearing additional expenses at trial in each of the subsequent cases.

For these reasons, it is the opinion of the Court that the three requirements for an interlocutory appeal under 28 U.S.C. § 1292(b) have been met in this case. The Court believes that the Archdiocese has met its burden of proving that this is an exceptional case where an interlocutory appeal of the controlling legal questions may materially advance the ultimate termination of the litigation.

Accordingly,

**IT IS HEREBY ORDERED** that the motion [#75] of the Archdiocese of St. Louis to amend the Court's orders dated October 26, 2009 and November 19, 2009 to certify issues for interlocutory appeal, is **granted**.

**IT IS FURTHER ORDERED** that the Court's orders dated October 26, 2009 [#66] and November 19, 2009 [#71] are each amended to certify the following questions for immediate appeal:

1. Whether the <u>Erie</u> doctrine binds a federal court, sitting in diversity, to a state supreme court's finding that a negligent hiring and/or a negligent supervision claim against a religious organization is not legally viable solely because it is barred by the First Amendment?

2. If not, whether this Court's determination that such claims do not violate the First Amendment is erroneous?

**IT IS FURTHER ORDERED** that all proceedings in the current action are **stayed**, pending the outcome of the Archdiocese's application to the Court of Appeals for interlocutory review.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of February, 2010.