UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGELA OHL-MARSTERS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:09-CV-186 (CEJ) |
| REV. ROBERT JOHNSTON, et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on the motions for summary judgment filed separately by defendant the Archdiocese of St. Louis and defendant Rev. Robert Johnston. Plaintiff Angela Ohl-Marsters has not responded to the motions, and the time allowed for doing so has expired. In light of plaintiff's failure to respond, defendants Archdiocese and Johnston have also filed motions to have facts deemed admitted, legal arguments waived, and for entry of judgment pursuant to Local Rule 7-4.01(B) and (E).

I.    Background

Plaintiff brings this action to recover damages stemming from alleged abuse she sustained when she was a minor. Plaintiff, born on May 14, 1966, alleges in her complaint that defendant Johnston sexually abused her on various occasions between 1979 and 1982 while Johnston was employed by the Archdiocese of St. Louis.[1] Plaintiff filed this action on June 30, 2008. The only remaining claim against the Archdiocese

---

[1] Plaintiff testified at his deposition that the dates in the first amended complaint were incorrect and that he was abused by Johnston between the years of 1982 and 1983. Pl.'s Dep. at 41, 56-57, 118. The Archdiocese's statement of uncontroverted facts states that the abuse occurred between 1982 and 1985.

is intentional failure to supervise (Count VII).  The remaining claims against Johnston are assault and battery/sexual abuse of a child (Count I), negligence (Count II), and intentional infliction of emotional distress (Count III).

The Archdiocese asserts that plaintiff's intentional failure to supervise claim is barred by the five-year statute of limitations set forth in Mo. Rev. Stat. § 516.120(4). Further, the Archdiocese argues that plaintiff can also not sustain the action under Missouri common law because the "premises element" required for an intentional failure to supervise claim has not been satisfied.   Johnston asserts that the 10-year limitations period set forth in Mo. Rev. Stat. § 537.046 bars plaintiff's assault and battery/sexual abuse of a child claim, and that the five-year limitations period of Mo. Rev. Stat. § 516.120(4) bars plaintiff's negligence and intentional infliction of emotional distress claims.

II.     Legal Standard

Rule 56(a) of the Federal Rules of Civil Procedure provides that summary judgment shall be entered if the moving party shows "that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." In ruling on a motion for summary judgment the court is required to view the facts in the light most favorable to the non-moving party and must give that party the benefit of all reasonable inferences to be drawn from the underlying facts.  AgriStor Leasing v. Farrow, 826 F.2d 732, 734 (8th Cir. 1987).  The moving party bears the burden of showing both the absence of a genuine issue of material fact and its entitlement to judgment as a matter of law.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushita Electric Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87 (1986). Once the moving party has met its burden, the non-moving party may not rest on the allegations of his pleadings but must set forth specific facts, by affidavit or other

evidence, showing that a genuine issue of material fact exists. United of Omaha Life Ins. Co. v. Honea, 458 F.3d 788, 791 (8th Cir. 2006) (*quoting* Fed. R. Civ. P. 56(e)). Rule 56 "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corporation v. Catrett, 477 U.S. 317, 322 (1986).

Local Rule 7-4.01(B) provides that "[a] party opposing a motion for summary judgment under Fed. R. Civ. P. shall file a memorandum and any appropriate documentary evidence twenty-one days after being served with the motion." Local Rule 7-401(E) further instructs: "All matters set forth in the statement of the movant shall be deemed admitted for purposes of summary judgment unless specifically controverted by the opposing party." Defendant Archdiocese filed its motion for summary judgment on June 29, 2012 and defendant Johnston filed his motion for summary judgment on August 8, 2012. Plaintiff has not responded to either motion in the time allotted under the Local Rules. Accordingly, the Court will deem each fact contained in both defendants' statements of uncontroverted material facts, which are attached to their respective motions for summary judgment, as admitted. The Court will also treat all arguments in opposition to defendants' motions for summary judgment waived.

III.   Discussion

Mo. Rev. Stat. § 516.120(4) provides that an action "for any other injury to the person or rights of another, not arising on contract and not herein otherwise enumerated" must be brought within five years of when the cause of action accrues. If a cause of action accrues when the individual is under twenty-one years of age, the

-3-

statute of limitations will not begin to run until that person reaches the age of twenty-one years. Mo. Rev. Stat. § 516.170. The five-year limitations period set forth in § 516.120(4) applies to plaintiff's claims of intentional failure to supervise, negligence, and intentional infliction of emotional distress. Because the alleged acts accrued while plaintiff was a minor, it is uncontested that the statute of limitations should, at minimum, be tolled until his 21st birthday on April 3, 1990.

A claim can be further tolled when a plaintiff adequately brings forth evidence of a repressed memory. See Powel v. Chaminade, 197 S.W.3d 576 (Mo. 2006); Mo. Rev. Stat. § 516.100. Plaintiff alleges that the sexual abuse and the circumstances under which it occurred caused him to develop a repressed memory until approximately early 2004. Defendants argue that the facts of this case do not support the existence of a repressed memory and, as such, the running of the five-year statute of limitations period began on plaintiff's 21st birthday and no later.  Alternatively, they argue that plaintiff's memory was repressed only until 1998 when he began to consult with third-parties about the abuse.

Mo. Rev. Stat. § 516.100 provides that a cause of action accrues "when the damage resulting therefrom is sustained and is capable of ascertainment." Because plaintiff filed his complaint against defendants on June 30, 2008, eighteen years after his 21st birthday, the survival of plaintiff's claims for intentional failure to supervise, negligence, and intentional infliction of emotional distress turns on whether there is a genuine issue of material fact in regard to when his damages were capable of being ascertained.

"In Powel, the Missouri Supreme Court stated that damages are capable of ascertainment and the statute of limitations begins to run when 'the evidence [is] such to place a reasonably prudent person on notice of a potentially actionable injury."

-4-

Dempsey v. Johnston, 299 S.W.3d 704, 706 (Mo. Ct. App. 2009) (quoting Powel, 197 S.W.3d at 582). "The Court emphasized that the test is an objective one and that the issue is 'when a reasonable person would have been put on notice that an injury and substantial damages may have occurred and would have undertaken to ascertain the extent of the damages.'" Id. (quoting Powel, 197 S.W.3d at 584).

Plaintiff testified that she was aware that the sexual contact that she was subjected to was wrong at the time Rev. Alvin Campbell, a parish priest who introduced plaintiff to defendant Johnston, was committing the acts:[2]

> Q:  What I'm saying is, you reported Campbell squeezing you and feeling you up –
> A: Uh-huh.
> Q: Right?
> A: Correct.
> Q: And you thought that was weird, inappropriate, something that shouldn't be done by an adult male on you, correct?
> A: Yes.
> Q: And when Sister Melanie, Mary Melanie, whether she liked you or not, when she said priests don't do that, that was a message to you which you understood that priests or men shouldn't be doing that to young girls, correct?
> A: Correct.

(Pl.'s Dep. at 52).

Plaintiff further testified that she reported Rev. Campbell's abuse and that she *always remembered* the reaction of those she told:

> Q: Sure. What he was doing to you, you felt was dirty, wrong, weird and you reported it to your mom?
> A: Yes.
> Q: And you were 12 years old or so when you reported it?
> A: Probably.
> Q: Okay. And you mom said I don't believe you?
> A: She shot me down.
> Q: And said I don't believe you?

---

[2]  Rev. Campbell was employed by the Diocese of Springfield, Illinois, which is not within the Archdiocese of St. Louis.

> A: Pretty much, that's what she said. I don't recall her exact words, but she says that's nonsense. I don't want to hear about it. Priests don't do that -- I mean, and right the next week he'd be right over at our house having Sunday dinner.
> Q: And you knew he did do that to you?
> A: Yes, I did.
> Q: And you always remembered he did that to you?
> A: Yes, I did.
> Q: And you always remembered that Sister Melanie show you down and --
> A: Couldn't stand her.
> Q: And you always remember your mom shot you down about it.
> A: Uh-huh. And I have angry feelings with her to this day . . .

Plaintiff testified that when she was nineteen or twenty years old she remembered Campbell's role in her sexual abuse:

> Q: He [Campbell] also went to prison in late '85, '86.
> A: Yes.
> Q: And you knew he went to prison for sexually abusing children?
> A: Yes.
> Q: And you knew when he went to prison, you were one of the children he sexually abused, correct?
> A: Yes, but nobody knew that.

Plaintiff testified that later in life, prior to turning twenty-one, she attempted to report the sexual abuse to the church.

> Q: And when you were in college, you called the Catholic Diocese of Springfield?
> A: That was a joke.
> Q: Okay. But you called --
> A: Yes, I did.
> Q: Yes. And you called the Diocese of Springfield or that cathedral, and you reported Campbell having abused you, correct?
> A: Uh-huh. I tried to.
> Q: What did you tell them? What was it that you wanted to tell them?
> A: I wanted to tell them that Campbell was a pervert and that he had molested me.
> Q: And that's what you did tell them in 19 -- in '85 or '86 while you were in college?
> A: Around in that time. It was shortly after I went to college.
> Q: Okay.

There is no evidence that plaintiff's memory of the abuse was repressed to the point that her damages were incapable of being ascertained.  "Damage is ascertainable when the fact of damage 'can be discovered or made known,' not when a plaintiff

-6-

actually discovers injury or wrongful conduct." Sheehan v. Sheehan, 901 S.W.2d 57, 58-59 (Mo. 1995) (quoting Chemical Workers Basic Union Local No. 1744 v. Arnold Savings Bank, 411 S.W.2d 159, 163-65 (Mo. 1966). "'[A]ll possible damages do not have to be known, or even knowable, before the statute accrues,' the date Plaintiff completed his psychological process of uncovering is irrelevant." Graham v. McGrath, 243 S.W.3d 459, 463 (Mo. Ct. App. 2007) (quoting Klemme v. Best, 941 S.W.2d 493, 497 (Mo. 1997)).

The evidence in this case supports the finding that plaintiff possessed memories of the acts constituting sexual abuse prior to her attaining the age of twenty-one. Plaintiff testified that she specifically remembered Campbell's involvement in the mid-1980's when she was nineteen and twenty years of age. Further, plaintiff was cognizant that she was a victim of sexual abuse as a child by informing her mother and members of the church of Campbell's indecent actions. See Graham, 243 S.W.3d at 463 ("In 1995 and 1996, Plaintiff had memory of the acts constituting sexual abuse, he was beginning to understand he was a victim . . . These facts show that the evidence was sufficient to put a reasonable person on notice that 'an injury and substantial damages may have occurred;' therefore, Plaintiff's damages were capable of ascertainment[.]") (quoting Powel, 197 S.W.3d at 584).

"[I]t is the memory of the consequential injury and damages, *not the memory of the identity of the perpetrator*, that triggers the running of the . . . statute of limitations." K.G. v. R.T.R., 918 S.W.2d 795, 198 (Mo. 1996) (emphasis added). Plaintiff must have "sufficient knowledge to be put on 'inquiry notice' of the wrong and damages[.]" Powel, 197 S.W.3d at 583. "'[P]laintiff just must have notice of the facts of the mere existence of the wrong in order to motivate plaintiff to inquire further." Id. at 584 (quoting Klemme, 941 S.W.2d at 497).

Because plaintiff was aware of the sexual abuse caused by Campbell, "a reasonable person would have . . . undertaken to ascertain the extent of the damages." Id. This is especially true here as plaintiff testified that Campbell was always present when Johnson sexually abused plaintiff. (Pl.'s Dep. at 64, 72, 88). Further, plaintiff testified to intentionally keeping the fact that Johnson molested her a secret. (Pl.'s Dep. at 90, 98). As such, plaintiff's damages were capable of ascertainment when she reached the age of twenty-one years.  Because plaintiff filed her intentional failure to supervise,[3] negligence, and intentional infliction of emotional distress claims more than five years after turning twenty-one, these causes of action are barred by the statute of limitations set forth in Mo. Rev. Stat. § 516.120(4).

Plaintiff's assault and battery/sexual abuse of a child claim is governed by a special statute of limitations, which provides:

> Any action to recover damages from injury or illness caused by childhood sexual abuse . . . shall be commenced within ten years of the plaintiff attaining the age of twenty-one or within three years of the date the plaintiff discovers, or reasonably should have discovered, that the injury or illness was caused by childhood sexual abuse, whichever later occurs.

Mo. Rev. Stat. § 537.046.2 (emphasis added).

Missouri courts have recognized the literal distinction between the 'discovery' standard, under § 537.046, and the 'capable of ascertainment' standard used for other causes of action." Walker v. Barrett, 650 F.3d 1198, 1206 (8th Cir. 2011). "But, to date, Missouri courts have not addressed whether the discovery standard operates

---

[3] Plaintiff's intentional failure to supervise claim would independently fail under Missouri common law because the Archdiocese was only under a duty to control defendant Johnston when he was on its premises or when he was using its chattel. See Doe v. Roman Catholic Archdiocese of St. Louis, 347 S.W.3d 588, 591-594 (Mo. Ct. App. 2011); Gibson v. Brewer, 952 S.W.2d 239, 248 (Mo. 1997). Based on the uncontroverted facts, the alleged sexual abuse by Johnston did not occur on the premises of the Archdiocese or while Johnston was using chattel owned by the Archdiocese.

differently, in practice, than the capable of ascertainment standard." Id. "Indeed, some Missouri courts have apparently treated the standards as functional equivalents." Id. See e.g. Dempsey v. Johnston, 299 S.W.3d 704 (Mo. Ct. App. 2009) (court used capable of ascertainment standard for § 537.046). Relying on the analysis above, the Court finds that plaintiff's damages should reasonably have been discovered or were capable of ascertainment prior to plaintiff's twenty-first birthday. As such, plaintiff was required to file her sexual abuse of a child claim on or before May 14, 1997, ten years after her twenty-first birthday.

* * *

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the motion of defendant Archdiocese of St. Louis for summary judgment [Doc. #108] is **granted**.

**IT IS FURTHER ORDERED** that the motion of defendant Rev. Robert Johnston for summary judgment [Doc. #113] is **granted**.

**IT IS FURTHER ORDERED** that the defendants' motions to have facts deemed admitted, legal arguments waived, and for entry of judgment [Doc. #115 and # 116] are **granted**.

Judgment in favor of the defendants will be entered separately.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 9th day of October, 2012.